# United States District Court
## WESTERN DISTRICT OF NEW YORK

KRISTEN M. LEIBY, Individually and on behalf of persons similarly situated at the Erie County Holding Center,

*Plaintiffs*,

-v-

THE COUNTY OF ERIE,
JOEL GIAMBRA, in his official capacity as County Executive of the County of Erie,
TIMOTHY HOWARD, in his official capacity as Sheriff of Erie County,
MICHAEL A. BENSON, in his official capacity as Superintendent of the Erie County Holding Center,

*Defendants.*

1:95-CV-00774

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING ON
DEFENDANTS' CIVIL CONTEMPT FOR VIOLATION OF THIS COURT'S ORDER
GOVERNING CONDITIONS AT THE ERIE COUNTY HOLDING CENTER**

Respectfully submitted,
Nan L. Haynes, Esq., of counsel
LIPSITZ & PONTERIO, LLC
135 Delaware Ave., Suite 210
Buffalo, NY 14201
849-0701

## PRELIMINARY STATEMENT

This memorandum of law in submitted in support of the plaintiffs' motion for an expedited hearing on the defendants' civil contempt for violation of this Court's Consent Order governing conditions at the Erie County Holding Center (hereinafter "ECHC"). The plaintiffs are pretrial detainees held at the Erie County Holding Center, Buffalo, New York, or temporarily released on daily reporting or release under supervision program.

This action was commenced in 1995. Bernard Zolnowski was the original plaintiffs' class representative. Upon his death Kristen Leiby was substituted. After a hearing on plaintiffs' request for a preliminary injunction in August 1996, this Court made factual findings of various conditions of overcrowding at ECHC and found that if such conditions has remained unabated, the plaintiff class could suffer injury, loss and damage which cause a serious risk to the safety and health of the plaintiffs housed there in violation of their Eighth and Fourteenth Amendment rights. *See* this Court's Order of September 24, 1997 at paragraph 4, a complete copy of the Order is attached as Exhibit A to the Attorney Affidavit of Nan L. Haynes (hereinafter "Haynes Affidavit").

This Court's Order is based on stipulation of the parties. *See* Exhibit A to the Haynes Affidavit. The defendants are in violation of the terms set forth in such order at paragraph 4(a) for "failure to provide prisoners with a bed, cot or sled along with suitable bedding and a blanket." The defendants are also in violation of paragraph 4(c) for housing pretrial detainees in the court hold rules absent an "emergency or unforeseeable and substantial prisoner detainee population increase" and without affording such detainees "minimum living space" and "toilet facility requirements."

The Order provides that it shall terminate upon "application by the defendants with notice to plaintiffs' counsel." *See* Court Order (Haynes Affidavit, Exhibit A) at paragraph 5(n). The docket contains no record of any such application by the defendants. *See* Civil Docket attached as Exhibit B to the Haynes Affidavit. The Order further provides that "in order to prevent perspective violation of [the plaintiffs' rights] the parties agree that…the failure to comply with this Order by any defendants

2

or anyone acting on the behalf or in concert with them may be subject to any penalties or relief authorized by law." See Court Order (Haynes Affidavit, Exhibit A) at paragraph 5(b).

Given this Court's prior finding that the conditions alleged caused a serious risk the safety and health of the plaintiffs, an expedited hearing on the defendants' civil contempt is necessary.

## ARGUMENT

A party may be held in civil contempt for failure to comply with a Court Order, if "(1) the Order the contemnor fail to comply with is clear and unambiguous, (2) the proof of non-compliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manor." Paramedics Electromedia Commercial, Leda. v. GE Med. Sys. Info. Tech., 369 F.3d 645, 655 (2nd Circuit 2004). "It need not be established that the violation was willful." Id. The plaintiffs in the present case have submitted sufficient proof to satisfy each element.

This Court issued a clear and unambiguous Order governing the conditions at the Erie County Holding Center. The Order provides that certain conditions at the ECHC could cause harm to the plaintiffs amounting to violation of their Eighth and Fourteenth Amendment rights. The conditions are clearly identified as: "(a) the failure to provide prisoners with a bed, cot or sled, along with suitable bedding and a blanket; (b) housing sentenced prisoners or pretrial detainees in any popular day room exceeding eight (8) occupants or in any linear day room which exceeds ten (10) occupants; (c) housing sentenced prisoners or pretrial detainees in the court hold rooms, atrium, chapel or resource room, unless an emergency or unforeseeable and substantial prisoner or pretrial detainee population increase at the ECHC occurs, and in that event such person(s) will be afforded "minimum living space" and "toilet facility requirements" and in no event if housed in any such location for sleeping or daily living for more than (5) days; or (d) housing female prisoners or female pretrial detainees in the atrium area of the ECHC who are visible to persons present in the exercise area that overlooks the atrium." See Court Order (Haynes Affidavit, Exhibit A) at paragraphs 4 (a-d).

The plaintiffs have provided clear and convincing proof of the defendants' noncompliance with the terms set forth in the Order at paragraphs 4 (a) and 4(c). Plaintiff Jessica Brant was a pretrial detainee at the ECHC from approximately September 29, 2005 until October 3, 2005. *See* Affidavit of Jessica Brant, sworn to October 7, 2005, attached as Exhibit C to the Haynes Affidavit. Ms. Brant was held in a court hold area from approximately September 29, 2005 until October 2, 2005. She states that:

1. She shared the area with anyone from eight to twelve people over the three or four days that she was detained there.

2. The room has only one toilet and one sink. The toilet has feces around it and the sink was not operational.

3. There was a strong odor of urine and body odor present in the court hold area.

4. The detainees were provided with no cots or blankets and she was cold the entire time; women were sleeping in paper bags to keep warm.

*See* Exhibit C attached to the Haynes Affidavit.

The plaintiffs' allegation of defendants' contempt is further supported by plaintiff Susan Lindgren. Ms. Lindgren was a pretrial detainee at the ECHC from approximately July 23, 2005 until July 24, 2005. *See* Affidavit of Susan Lindgren attached to the Haynes Affidavit as Exhibit D. Ms. Lindgren was initially held in the bull pen for thirteen hours. She states that:

1. The room was approximately 12 feet by 8 feet and she shared the room with twelve people.

2. There was feces, vomit and dried blood on the floor and in around the toilet. There was also a strong odor of urine and body odor.

3. There was no toilet paper available, and consequently detainees were forced to use slices of bread from their lunch as toilet paper.

4

4. After thirteen hours, Ms. Lindgren was transferred from the bull pen to the court hold area. She shared the court hold with up to sixteen people.

5. The floor was wet and there were feces, dried blood and vomit on the wall.

6. The detainees were provided no blankets, bed, cot or sled.

*See* Affidavit of Susan Lindgren attached to the Haynes Affidavit as Exhibit D.

Upon information and belief the defendants have not diligently attempted to comply with the Order in a reasonable manor. In response to reports of conditions described substantially similar to those described by Ms. Brant and Ms. Lindgren, Timothy Howard, Sheriff of Erie County, is reported to have said "If you don't like the conditions [in the Erie County Holding Center], live your life in such a way so you don't have to come here." He added that "The bottom line is jail is not a nice place." *See* Buffalo News, September 18, 2005.

## CONCLUSION

For these reasons, the plaintiffs' motion for an expedited hearing on defendants' civil contempt for violation of this Court's order should be granted.

Dated: Buffalo, New York
       October 10, 2005

_____
Nan L. Haynes, Esq., of counsel
Lipsitz & Ponterio, LLC

5