UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Zolnowski

                                    Plaintiff(s)

    v.                                                            1:95-cv-00774

County of Erie

                                    Defendant(s)

---

PLEASE take notice of the entry of an ORDER filed on 9/24/97, of which the within is a copy, and entered 9/24/97 upon the official docket in this case. (Document No. 87 .)


Dated:   Buffalo, New York
        September 24, 1997

                                                  RODNEY C. EARLY, Clerk
                                                  U.S. District Court
                                                  Western District of New York
                                                  304 U.S. Courthouse
                                                  68 Court Street
                                                  Buffalo, New York 14202

Enclosure
TO:
        Bernard J. Zolnowski Jr.
        Glenn E. Murray, Esq.
        Nan Lipsitz Haynes, Esq.
        John A. Ziegler, Esq.
        James A.W. McLeod, Esq.

FILED
U.S. DISTRICT COURT
SEP 24 1997

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERNARD J. ZOLNOWSKI, JR.,
individually and on behalf of all others
similarly situated at the Erie County
Holding Center,

        Plaintiffs,

vs.

COUNTY OF ERIE,
JOHN J. DRAY, ERIE COUNTY HOLDING
CENTER, THOMAS HIGGINS,

        Defendants.

---

STIPULATION
and
ORDER

95-CV-774A(F)
CLASS ACTION
(Consent)

The parties, through counsel, hereby stipulate to the following facts:

1.    If the conditions described herein at the Erie County Holding Center ("ECHC") located at 10 Delaware Avenue, Buffalo, New York, remain unabated and unrestrained, plaintiffs as a class of inmates described in the amended complaint, may suffer injury, loss and damage to their health and safety in violation of the Eighth Amendment right to freedom from cruel and unusual punishment, and for pretrial detainees, in violation of the Fourteenth Amendment protection against incarceration which amounts to punishment; that the conditions prohibited by the order and decision of this court dated October 3, 1996,[1] may only reasonably be rectified pursuant to the terms and effective dates provided herein; and that the relief herein is necessary to correct the violation of the Federal right because less intrusive means will not correct the violation of the Federal right.

2.    The parties accept the factual findings made by this court's order and

---

[1] 944 F.Supp. 1096: 1996 U.S. Dist. LEXIS 16593.

decision finding that if the various conditions of overcrowding at the ECHC remained unabated, the plaintiff class could suffer injury, loss and damage which could pose a serious risk to the safety and health of the plaintiffs housed there in violation of the aforesaid constitutional rights.

3. This action has been certified as a class action defined by Fed.R.Civ.P. 23(b)(2) which seeks injunctive and declaratory relief. Accordingly, relief ordered herein to the plaintiff class of inmates, including individual plaintiff Zolnowski, is limited to equitable relief and relief ancillary thereto. Other members of the class who may seek compensatory relief must do so by separate action, subject to any legal requirements applicable to such claims.

4. The following conditions at the ECHC could cause harm to the plaintiffs amounting to an Eighth Amendment and/or Fourteenth Amendment violation of the right to reasonably adequate health, safety, privacy and security, if they remain unabated for a substantial period of time:

(a) the failure to provide prisoners with a bed, cot or sled, along with suitable bedding and a blanket;

(b) housing sentenced prisoners or pretrial detainees in any podular day room exceeding eight (8) occupants or in any linear day room which exceeds ten (10) occupants; or

(c) housing sentenced prisoners or pretrial detainees in the court hold rooms, atrium, chapel or resource room, unless an emergency or unforeseeable and substantial prisoner or pretrial detainee population increase at the ECHC occurs, and in that event such person(s) will be afforded "minimum living space" and "toilet facility

requirements" and in no event if housed in any such location for sleeping or daily living for more than five (5) days; or

  (d) housing female prisoners or female pretrial detainees in the atrium area of the ECHC who are visible to persons present in the exercise area that overlooks the atrium.

  5. In order to prevent prospective violation of said right, the parties agree that:

  (a) In the event that any sentenced prisoner or pretrial detainee is housed at the ECHC, inconsistent with the terms of paragraph 4(a), (b) (c), and (d) herein, defendants or their successors shall furnish plaintiffs' counsel with the name of such prisoner or detainee and the dates and places within the ECHC of such confinement. Such records shall be furnished weekly, by first class mailing not later than the following Wednesday.

  (b) The failure to comply with this order by any defendants or anyone acting on their behalf or in concert with them may be subject to any penalties or relief authorized by law.

  (c) Defendants shall furnish plaintiffs' counsel with copies of daily head count data for ECHC and the Erie County Correctional Facility for each week, by first class mailing not later than the following Wednesday.

  (d) Plaintiffs' counsel shall be permitted to inspect ECHC one time weekly, upon twenty-four (24) hour notice to defendants' counsel, for one (1) year following the entry of this stipulation and order, unless modified by this court to provide otherwise.

  (e) Plaintiff's counsel may be compensated, in the court's discretion, for inspections and enforcement proceedings.

(f) In the event that defendants believe that compliance with the court's order entered on the basis of this stipulation of fact became or becomes impossible in any respect because of any emergency or unforeseeable and substantial population increase at ECHC, defendants shall serve on plaintiffs' counsel and file an affidavit with this court and the Clerk of this Court within twenty-four (24) hours after the occurrence of such alleged emergency. The affidavit shall describe with particularity the circumstances of the alleged emergency, the extent of noncompliance with this order and identify each prisoner or detainee whose housing at the ECHC are in violation of this stipulation.

(g) A true copy of this stipulation and the court's order shall be continually posted by defendants in the intake area and law library, for a period commencing one (1) week after and for one (1) year thereafter, following the filing of this stipulation and order with the Clerk's Office of this court. Further, a true copy of the court's order shall be posted at the office of the clerk of this court for one (1) year following the entry of this order.

(h) The term "housing" herein, shall be interpreted to mean confinement in a location as specified herein, for more than twenty-four (24) hours within a forty-eight (48) hour period.

(i) The term "emergency" herein, shall be interpreted consistent with this court's order and decision dated October 3, 1996.

(j) The terms "minimum living space" and "toilet facility requirements" herein, shall be interpreted consistent with this court's order and decision dated October 3, 1996.

(k) Nothing herein nor in the court's final order shall be deemed to

4

supersede or diminish the obligation of local and state authorities to fulfill their duties and responsibilities in enforcing state laws and local ordinances.

(l) This action has been certified by this court as a class as defined by Fed.R.Civ.P. 23(b)(2) which seeks injunctive and declaratory relief. Accordingly, this stipulation and court order shall not be deemed to bar any action, by class member or others, which seek relief for individual claims for compensatory damages.

(m) Any award to Plaintiffs' counsel of fees and costs pursuant to 42 U.S.C. § 1988 shall be determined by application of such counsel on notice to defendants' counsel.

(n) Upon expiration of one (1) year following the entry of this court's order, upon application by defendants with notice to plaintiffs' counsel this stipulation and order shall terminate, unless plaintiffs show good cause for its continuance. Until termination, parties may move, with notice to opposing counsel, for modification upon good cause shown.

6. <u>Notice and Publication</u>. Notice of this stipulation and order shall be published, at Defendant's expense, in the <u>Buffalo News</u>, <u>The Challenger</u>, and the <u>Alternative Press</u> for three (3) weeks, commencing within one (1) week after entry of this stipulation and order, as follows:

NOTICE OF SETTLEMENT AND ORDER

<u>Zolnowski, et al. v. County of Erie, et al</u>, a federal action brought to rectify overcrowding conditions at the Erie County Holding Center has been settled, with court ordered restrictions on the housing of persons there. The Stipulation and Order provides only injunctive relief against future violations.

The terms of settlement and restrictions are set forth in a Stipulation and Order that may be inspected at the lobby of the Erie County Holding Center (40 Delaware Avenue, Buffalo, New York) and at the lobby and the Clerk's Office at the United States Courthouse (68 Court Street, Buffalo, New York).

By Order of the Court.

Hon. Leslie G. Foschio
United States Magistrate Judge
Buffalo, New York

PLAINTIFF:

_____
Bernard J. Zolnowski, Jr.

Dated: September 23, 1997
Buffalo, New York

COUNSEL FOR THE PLAINTIFFS:

_____
GLENN EDWARD MURRAY, ESQ.

Dated: September 23, 1997
Buffalo, New York

_____
NAN L. HAYNES, ESQ.

Dated: September 22, 1997
Buffalo, New York

_____
JOHN A. ZIEGLER, ESQ.

Dated: September 22, 1997
Buffalo, New York

6

COUNSEL FOR THE DEFENDANTS:

_____
KENNETH A. SHOETZ, ESQ.
Erie County Attorney
JAMES A.W. McLEOD, of Counsel

Dated: September 24, 1997
       Buffalo, New York


ALL OF THE ABOVE IS SO ORDERED

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 24th, 1997
       Buffalo, New York

7